Bernard PERREAULT,
Plaintiff-Appellant,

v.

LOCAL 509, INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL, TECHNICAL, SALARIED, AND MACHINE WORKERS, AFL–CIO, Defendant-Appellee.

No. 1197, 87–7219.

United States Court of Appeals,
Second Circuit.

Argued June 3, 1987.
Decided July 13, 1987.

---

Theodore S. Kantor, Rochester, N.Y., for plaintiff-appellant.

Carole W. Wilson, Washington, D.C., for defendant-appellee.

Before NEWMAN and WINTER, Circuit Judges, and BONSAL, District Judge.*

BONSAL, District Judge, sitting by designation:

Plaintiff, Bernard Perreault, instituted this action against Local 509, International Union of Electronic, Electrical, Technical, Salaried, and Machine Workers, AFL–CIO (the "Union") pursuant to the Labor-Management Reporting and Disclosure Act of 1959 as amended ("LMRDA") (29 U.S.C. § 401, et seq.)

Plaintiff has been a member of the Union in good standing for approximately 20 years and has held elective positions. The Union held an election of officers, members of the Executive Board, and Zonemen on October 2–3, 1984. Plaintiff ran for Zoneman or Zone Committeeman for Zone 2 but was not elected. Following the election, plaintiff complained to the Union and to its parent, the International, alleging irregularities in the election in violation of Title IV of the LMRDA. On January 16, 1985, plaintiff complained to the Secretary of Labor with respect to these irregularities. On March 15, 1985, following an investigation conducted by the Department of Labor, the Union and the Secretary of Labor agreed that a rerun election would be held for the offices of First Vice President, Sergeant-at-Arms, eight Executive Board members, and for delegates to the IUE District 3 Convention and the IUE–GM Conference Board. The Union and the Secretary of Labor agreed that the rerun elec-tion would not include Zonemen because they were not deemed to be "officers" as defined in the LMRDA.

The rerun election was scheduled to be held on May 7 and May 19, 1985. On May 3, 1985 plaintiff instituted this action against the Union pursuant to 29 U.S.C. § 412 seeking to enjoin the rerun election because the position of Zoneman was not on the ballot, and requiring that plaintiff's name be placed on the ballot for the position of Zoneman for Zone 2. Thereafter, plaintiff amended his complaint seeking damages from the Union.

Following a hearing, the district court (Telesca, J.) denied the injunctive relief sought by plaintiff and held that Zonemen were not "officers" of the Union, with the consequence that the district court had no jurisdiction under LMRDA. The district court dismissed the action on February 20, 1987 for failure to state a cause of action upon which relief could be granted, and plaintiff appealed. We agree with the district court and affirm its decision.

In the LMRDA, Congress determined that it was the responsibility of the Secretary of Labor to protect the rights of employees to organize, to bargain collectively, and to choose their own representatives. Subchapter V of the LMRDA (29 U.S.C. § 481) provides that every local labor organization shall elect its officers not less often than once every three years by secret ballot among the members in good standing. (29 U.S.C. § 481(b)). Officers are defined to mean any person authorized to perform the functions of president, vice president, secretary, treasurer, or other executive functions of a labor organization, and any member of its executive board or similar governing body. (29 U.S.C. § 402(n)).

In the Constitution of the Union, Zonemen are referred to as "Committeemen," the zone being the particular area in which they serve. The duties of Committeemen are set forth in Article VI, Section XII of the Constitution. Section XI–($l$) provides

---

* Hon. Dudley B. Bonsal, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

that it shall be the duty of the Executive Board in the absence of the Shop Chairman to appoint from the Zone Committeemen a temporary acting Shop Chairman.

The issue presented, therefore, is whether the Union's Zonemen or Zone Committeemen are officers of the Union. As the court below stated in denying plaintiff's motion for a preliminary injunction, "The position of Zoneman is one that provides for the funneling of employee grievances. He is not a member of the Executive Committee nor is he listed as an office holder in the Union Constitution. As such, he is not an officer as defined in 29 C.F.R. Section 452.17, 18." In *Wirtz v. National Maritime Union of America*, 399 F.2d 544 (2d Cir.1968) relied upon by the plaintiff, "patrolmen" in the Maritime Union were held to be officers. However, there patrolmen were described as officers in the Maritime Union's Constitution and their duties were included under the heading "Duties of Officers." Here, Zonemen or Committeemen are not listed as officers in the Union's Constitution.

Unless elected by the Executive Board to be a temporary acting Shop Chairman under Section XI–(*l*), the Zonemen or Zone Committeemen do not perform the duties of officers. The affidavit of a Shop Chairman contained in the record states that "The Zoneman does not sit on the Executive Board, does not set policy for the Union, and has no administrative nor executive functions." Although plaintiff disputes this characterization in his brief, he points to no evidence in the record supporting his contentions other than the section of the Constitution cited above. The fact that a Zoneman can be appointed to fill an interim officer position is not sufficient to transform the position of Zoneman into that of an officer for the purposes of the LMRDA.

In ordering a rerun election, the Secretary of Labor did not include Zonemen, presumably because he did not consider them to be officers as defined in LMRDA (29 U.S.C. § 402(n)). His interpretation is entitled to considerable weight. As the Supreme Court stated in *Calhoon v. Har-*

*vey*, 379 U.S. 134, 140, 85 S.Ct. 292, 296, 13 L.Ed.2d 190 (1964), "It is apparent that Congress decided to utilize the special knowledge and discretion of the Secretary of Labor in order best to serve the public interest.... In so doing Congress ... decided not to permit individuals to block or delay union elections by filing federal court suits for violations of Title IV." In *Local 82, Furniture Moving Drivers v. Crowley*, 467 U.S. 526, 544, 104 S.Ct. 2557–2567, 81 L.Ed.2d 457 (1984), the Court stated, "Throughout its consideration of LMRDA, Congress clearly intended to lodge exclusive responsibility for post-election suits challenging the validity of a union election with the Secretary of Labor." We also believe that the interpretation of the LMRDA by the Secretary of Labor, who is charged with its administration, is entitled to considerable deference.

For the foregoing reasons, the court below was correct in dismissing this action.

AFFIRMED.